**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**CAPITAL EQUIPMENT, INC.,**                                             **PLAINTIFFS**
**an Arkansas Corporation; TEXAS
TIMBERJACK, INC., a Texas Corporation;
and NOBLE EQUIPMENT, LLC, A Nevada
Limited Liability Company**

**v.**                             **NO. 4:04-CV-00381 GTE**

**CNH AMERICA, LLC, Successor in Interest to
NEW HOLLAND NORTH AMERICA, INC.,
a Delaware Corporation, d/b/a
NEW HOLLAND CONSTRUCTION**                             **DEFENDANT**

## ORDER ON CAPITAL'S MOTION TO COMPEL

Before the Court is a Motion to Compel filed by Plaintiff Capital Equipment, Inc. ("Capital"). Defendant New Holland Construction ("NHC") has responded to the motion. For the reasons stated herein, the Court grants the motion solely to the limited extent stated herein.

The Court reopened discovery during a pre-trial conference held on May 16, 2006. The Court did not intend to reopen discovery for any and all purposes but rather, "for the limited purpose of conducting discovery relevant to the issues discussed" at the pre-trial conference. The Court specifically directed the parties to avoid engaging in duplicative discovery. (Court's Order of May 17, 2006, Doc. 141).

Capital seeks responses to certain written discovery requests propounded in June and July of 2006. The Court denies the majority of Plaintiff's motion because the discovery requests are overly broad and unduly burdensome in the context of the limited purpose for which discovery was reopened. Many of Plaintiff's discovery requests are the type of discovery that might have been permissible at the beginning of discovery but which are simply inappropriate at this late

- 1 -

stage. Discovery was reopened for the limited purpose of refining theories, not for engaging in wide open discovery or for exploring new theories. The Court identifies and denies the following discovery requests falling in this category: Request for Production No. 19 requests that Defendant produce all documents, recordings, videos or transcripts of New Holland Construction meetings from 1998 to 2003, including, but not limited to, round table meetings, dealer meetings, dealer council meetings, and focus groups. Request for Production No. 29 requests that Defendant produce any and all documents reflecting communication from any dealer complaining about the effect the Ritchie Bros. auctions were having on the dealers' sales or sales performance. Request for Production No. 31 requests that Defendant produce copies of each and every service bulletin sent to Capital from January 1999 through the present that relates in any manner to any machine ever sold by NHC. Request for Production No. 32 requests that Defendant produce documents sufficient to identify all warranty claims made by Capital that were paid by NHC and documents sufficient to identify any warranty claims made by Capital that were refused by NHC. Request for Production No. 33 requests that Defendant produce documents sufficient to establish any and all communications between Capital's service personnel and NHC service personnel. Request for Production No. 35 seeks documents sufficient to identify all customers of Capital's from whom NHC repurchased machinery or reimbursed for "poor machinery."

While the Court has denied Request for Production No. 31 as written, Defendant NHC has agreed to look for certain information, assuming it exists, dealing with service bulletins. If such information is located, the Court directs that it be produced.

The Court also denies Plaintiff's motion regarding Request for Production No. 30. The request seeks documents sufficient to identify when the negotiations began with Ritchie Bros.

that culminated with a contract between Ritchie Bros. and NHC.  Plaintiff is unhappy with Defendant's response in which it indicated that it had "been unable to locate any documents responsive to this inquiry."  Plaintiff questions "how thoroughly Defendant searched for such documentation."  The Court does not get involved in discovery disputes to clarify a party's representation that it has been unable to locate responsive documents.  The Court accepts counsel's representation when no cause to do otherwise is presented.

Request for Production No. 36 requests that Defendant produce documents sufficient to identify the amount of interest and curtailments paid by Capital to NHC or its affiliates.  NHC first claims that it does not have this information, which is in the hands of CNH Capital, an affiliated but separate corporation over which NHC lacks control.  NHC also questions why this information is needed, as Capital states, for the purpose of "identifying what evidence, in fact, Defendant intends to rely on for [the] purpose of establishing that its products were not of poor quality."  The information sought does not appear relevant to quality issues but appears to relate solely to the Market Builder Program and Capital's allegations in connection therewith.  Defendant has been seeking this information from Capital and has challenged this claim on summary judgment.  This has been an issue in the case from day one and to the extent Plaintiff Capital needed information to prove or quantify its claim, such information should have been sought long before now.

The Court would accept NHC's answer without further inquiry except for the fact that NHC has made assertions regarding the payment of interest on equipment ordered under the Market Builder program and Capital has opposed the motion in part by asserting that NHC has not provided Capital with documentation necessary to confirm the calculations.  The Court does not know whether NHC has made any effort to obtain the requested interest and curtailment

information from CNH Capital or to otherwise quantify the requested information, but to the extent NHC has done so and has information responsive to Request for Production No. 36, the Court directs that such information be produced forthwith.

Request for Production No. 37 requests that Defendant produce documents sufficient to establish both the dollar performance and unit performance of Rushing & Mason with NHC products from June 2002 through the present. Defendant's objection states:

> The defendant has been critical of the failure of the plaintiff's expert and, inferentially, the plaintiff itself to discover or otherwise investigate the performance of Rushing and Mason. The nature of the defendant's criticism has been that Mr. Lieber, and the plaintiff, have made certain assumptions that have not been tested with respect to Rushing and Mason information. Having advised the plaintiff of the failure of its methodology; now, the plaintiff asks that the defendant to supply the failure of plaintiff's own efforts and lack of proof. Defendant objects to the harassing nature of this request.

Candidly, the Court does not understand what the referenced information concerns. Perhaps it should, but the Court does not recall anything about the "performance of Rushing and Mason," or how it relates to Plaintiff's theory. Nor is this explained in the motion papers before the Court. The Court declines to peruse the voluminous record in search of such information. Because the Court cannot rule on this discovery request in its present form, this discovery request is denied without prejudice.

Generically, the Court questions the assertion, repeated by Capital throughout its discovery motion, that it needs the requested discovery in order to identify the evidence on which Defendant intends to rely to establish that its products were not of poor quality. More importantly, how does Plaintiff intend to show that the products were of poor quality and (even more importantly) to what extent should such proof be permitted at trial? The Court is concerned about this issue. NHC has no obligation to prove a negative. The fundamental nature

of this case does not concern whether NHC's products were of poor quality, but rather whether NHC complied with its duty as a franchisor under the Arkansas Franchise Practices Act. Plaintiff has not raised any breach of warranty or products liability claims. The Court recognizes that Capital has thrown around some general rhetoric about the poor nature of NHC's equipment, perhaps in an apparent attempt to cast aspersions by inference, but the Court questions how much, if any, of such testimony should be permitted at trial. Certainly, the Court does not see how it will be necessary at trial to explore in-depth issues regarding the quality of NHC equipment. This observation colors the Court's view of the present discovery request.

## CONCLUSION

For the reasons herein stated,

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Compel (Doc. No. 171) be, and it is hereby, GRANTED for the limited purposes noted herein and DENIED in all other respects. Defendant shall produce any documents required to be produced as soon as possible but in any event not later than October 9, 2006.

IT IS SO ORDERED THIS   27th   day of September, 2006.

   /s/Garnett Thomas Eisele  
UNITED STATES DISTRICT COURT