**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**CAPITAL EQUIPMENT, INC.,**                                                         **PLAINTIFF**
**an Arkansas Corporation**

**v.**                              **NO. 4:04-CV-00381 GTE**

**CNH AMERICA, LLC, Successor in Interest to
NEW HOLLAND NORTH AMERICA, INC.,
a Delaware Corporation, d/b/a
NEW HOLLAND CONSTRUCTION**                                                **DEFENDANT**

**ORDER
DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT**

Before the Court are three Motions for Summary Judgment filed by Defendant CNH America, LLC d/b/a New Holland Construction (hereinafter referred to as "NHC"), against Plaintiff Capital Equipment, Inc. ("Capital"). Capital has responded to the motions and NHC has filed a reply brief. Following a review of the entire summary judgment record, the Court concludes that Defendant's motion should be denied.

**BACKGROUND AND FACTUAL OVERVIEW**

The Court will not discuss in detail the background facts and procedural history of this case. Such is revealed in the voluminous record, which includes several substantive Orders and the transcript from a *Daubert* hearing, *to-wit*:

(1) Order of September 27, 2004, denying NHC's motions to dismiss and taking under advisement personal jurisdiction issue as to claims against Plaintiffs Noble and Timberjack. (Docket no. 27);

(2) Order Finding Personal Jurisdiction, dated January 11, 2005. (Docket No. 31);

(3) Order denying Plaintiffs' Motion for Partial Summary Judgment, dated January 6,

- 1 -

2006.  (Docket No. 73);

(4) Order Regarding Defendant's Daubert Challenge, dated January 9, 2006.  (Docket No. 75);

(5) Daubert Hearing held on January 25, 2006.  (Transcript of Hearing filed as Docket No. 109).

(6) Order on Discovery Motions dated July 31, 2006.  (Docket No. 162).

(7) Order on Capital's Motion to Compel dated September 27, 2006.  (Docket No. 197).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when, in reviewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, so that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986).

## DISCUSSION

### I. NHC'S CONTENTION THAT CAPITAL HAS NO PROOF OF DAMAGES CAUSED BY AUCTION SALES

NHC contends that it is entitled to judgment as a matter of law on the auction sales issue.  NHC contends that Capital has no proof to permit the jury to find that it suffered any decline in profits due to NHC's decision to sell 293 pieces of new and used New Holland equipment at roughly 15 auctions across the country.  NHC contends that Capital must prove that particular

items of inventory were damaged or devalued or that particular customers refused to purchase from Capital as a proximate result of the auctions. Capital contends that such proof is not required.

Instead, Capital intends to offer proof by causation expert Rob Carlson to establish that the market for new construction equipment is a national market and that the auction sales in question would have made it difficult, if not impossible, for resellers of the same equipment to obtain significantly more than the auction prices for the same types of equipment. (Carlson Opinion, Exhibit 22).[1]

The Court cannot conclude at this stage that the absence of evidence of specific lost sales or customers due to the auction sales is fatal to Capital's claim for damages.

## II. NHC'S CONTENTION THAT CAPITAL HAS NO PROOF OF DAMAGES CAUSED BY THE MARKET BUILDER PROGRAM

Similar to the auction sales issue, NHC contends that Capital's failure to "quantify" the harm suffered by the alleged forced participation in the Market Builder Program is fatal to its claim for damages. Capital has produced documentation that it says details interest and

---

[1] The Court also notes Mr. Carlson's general opinions regarding the perceived quality of NHC equipment in the marketplace. Mr. Carlson opines that New Holland's skid-steer loaders and tractor loader backhoes are viewed more favorably in the marketplace in terms of quality and pricing than New Holland's construction equipment. The Court had not yet reviewed Mr. Carlson's report when it questioned in its September 27th Order how much testimony should be allowed at trial regarding the quality of NHC equipment. (See Order, Docket No. 197, at pp. 4-5). The Court assumes such testimony will be offered to support Capital's theory that NHC acted unreasonably when it refused to permit Capital to retain the profitable agricultural line if it quit selling the heavy construction line. The Court still questions whether detailed proof regarding quality issues should be necessary at trial, but it now acknowledges that perhaps the quality issue is more of an issue than the Court earlier appreciated. Final decisions on evidentiary issues will have to be made at trial. To the extent Defendant intends to produce at trial information (via documents or testimony) pertaining to quality issues which was within the scope of discovery requested by Capital but which was not produced, such information should be provided to Capital forthwith.

curtailment expense it incurred for equipment purchased on the Market Builder Program.  (Kuhn Aff., Exhibits 12 and 17).  It appears that Capital will be able to prove that it incurred at least some actual damages as a result of being forced (an allegation the Court recognizes is hotly disputed) to participate in the Market Builder Program.   Even if this damage is no more than the $5019 detailed in Capital's brief, it would be error to grant summary judgment on this claim.

The Court also recognizes that Capital intends to pursue a theory that the cumulative effect of all NHC's actions caused its constructive termination and to seek lost profits therefore.  All of these issues raise interesting and novel issues of law regarding the application of the Arkansas Franchise Practices Act.  The Court prefers to address those legal issues on a fully developed record at trial.

### III.     NHC'S CONTENTION THAT CAPITAL HAS NO PROOF OF INTENT TO DEFRAUD

The AFPA's fraud provision makes it unlawful for a franchisor to "directly or indirectly, in connection with the offer of any franchise . . . to knowingly . . . make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading."  Ark. Code Ann. § 4-72-207(a)(2).  The same provision of the statute also makes it unlawful to "engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person."  Ark. Code Ann. § 4-72-207(a)(3).

Plaintiff Capital has two theories of fraud.  First, Plaintiff contends that NHC's John Trueman committed fraud when he advised Capital's Doug Meyer that NHC would not engage in auctions and that Capital should sign up with manufacturers who would not auction new and unused equipment.  Second, Plaintiff contends that NHC's representations that Capital could not have the skid steer of TLB line unless is agreed to be a full-line construction dealer was an "act,

- 4 -

practice or course of business" which "operated as a fraud or deceit" upon Capital.

NHC challenges the first theory on summary judgment. A close issue exists with regard to whether the alleged fraud claim related to the pre-contract statements regarding the auction sales should be submitted to the jury. But, the Court concludes that it cannot decide the issue at this point as a matter of law. The Court further notes that some of the same evidence will likely be relevant to both Capital's fraud claim and its breach of contract claim in connection with NHC's auction sales.[2]  In this case, it is particularly appropriate to hear all of the evidence in context before applying the law.

**CONCLUSION**

For the reasons herein stated,

IT IS HEREBY ORDERED THAT Defendant New Holland Construction's Motion for Summary Judgment regarding auction sales (Docket No. 167), Motion for Summary Judgment regarding the Market Builder Program (Docket No. 174), and Motion for Summary Judgment regarding fraud (Docket No. 179) be, and they are hereby DENIED.

IT IS SO ORDERED this   28th   day of September, 2006.

    /s/Garnett Thomas Eisele
UNITED STATES DISTRICT COURT

---

[2] The Court has not at this point dismissed the breach of contract claim and it remains as a viable claim in the case. The Court offered the parties its preliminary view of the issue during the pretrial conference on May 17. The Court expressly noted that it was providing "tentative rulings" to the parties for their guidance and information, but that such views could change and that the Court remained "open-minded for further argument." (Transcript of May 17, 2006 Hearing, at p. 43).